IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JABARES KENYON GARRISON                                             PLAINTIFF

v.                                 Civil No. 5:25-cv-05040-SGS

DEPUTY SURAJ BHARDWAJ, Benton
County Detention Center (BCDC); OFFICER
ZACHERY WILSON, BCDC; SERGEANT
KEVIN MILLER, BCDC; and DEPUTY
WHITE                                                               DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff Jabares Kenyon Garrison proceeds *pro se* and *in forma pauperis.* The case is before the Court on Plaintiff's failure to obey the orders of the Court.

## I. DISCUSSION

On February 2, 2026, the Defendants in this case filed a Motion for Summary Judgment (ECF No. 21). The next day, this Court entered an Order directing Plaintiff to file his response to that Motion by February 24, 2026. *See* ECF No. 24. Plaintiff never filed any response; so on March 4, this Court entered an Order directing Plaintiff to show cause why he failed to obey the previous Order, and imposing a deadline of March 25, 2026 for Plaintiff's show-cause response. *See* ECF No. 26. Plaintiff never responded to that Order either, and his deadline to do so has now passed. Both aforementioned Orders were mailed to Plaintiff, and neither was returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court

1

possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.  Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

The only remaining question is whether the dismissal should be with or without prejudice. A dismissal under Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).  "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'"  *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)).  "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff."  *Id.* (internal citation and quotations omitted).  In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent . . . the adverse impact of such conduct upon both the defendant and the administration of justice in the district court."  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court."  *Id.*  "However, the district

2

court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

Given the relatively late stage in this case, along with the fact that Defendants have moved for summary judgment, it is clear that the Defendants have expended significant resources on discovery and motion practice. And since this Court's orders have not been returned as undeliverable when mailed to Plaintiff, it is also clear that Plaintiff has received notice of the deadlines mentioned above, and that he has simply chosen not to comply with them. Accordingly, the Court finds that Plaintiff's intentional failure to comply with court orders, combined with the resources expended by the Defendants, warrant this case being dismissed with prejudice.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court. Judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** this 30th day of March 2026.

/s/ *Spencer G. Singleton*

HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE